UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 16-cv-24619-RNS

OFELIA FUENTES, and other similarly )
situated individuals, )
 )
    Plaintiff(s), )
 )
v. )
 )
INFINITY DESIGN 2 INC. and RONEL )
CONSTANSI, )
 )
    Defendant(s). )
 )
_____ )

**MOTION FOR APPROVAL OF FLSA**
**SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Court's "Order Administratively Closing Case Upon Notice of Settlement" ( "Order", D.E.# 14), Plaintiff, OFELIA FUENTES ("Plaintiff"), hereby files this motion and requests that this Court make a fairness finding approving the terms of her settlement with INFINITY DESIGN 2 INC. and RONEL CONSTANSI ("Defendants") of the above-captioned matter and dismissing this case.[1] The Settlement Agreement between Plaintiff and Defendants is attached as **Exhibit "A"**.

**I.**  **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages

---

[1] Pursuant to the Order, Plaintiff's counsel has filed, contemporaneously with this motion, a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a) (1) (A) (i).

by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his/her former employer.

The settlement agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid overtime wages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.

## II.     Terms of Settlement

This case involved a claim for unpaid overtime wages. The Plaintiff worked for Defendants which, at all times, employed the Plaintiff. Based on settlement discussions between the parties and in order to resolve the dispute asserted under the FLSA without further litigation and the costs associated with it, Defendants have agree to pay a total of $3,500.00, apportioned as follows: Plaintiff $2,123.36, in full satisfaction of her claim, and her attorneys the sum of $1,376.64 for attorney fees and costs

The amount of attorney fees was negotiated separately from any settlement payment to the Plaintiff.[2]

The Parties agree that $ 3500.00 .00 to Plaintiff is a fair compromise, inclusive of fees and costs. As a result, the settlement agreed upon in this matter – total payment of $ 3,500.00 as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will issued by Defendants in two separate checks to be delivered to Plaintiff's counsel within 7 business days of the dismissal of this case.

Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and

---

[2] Counsel's time records are attached to this Motion as Attachment 1.

costs incurred on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties voluntarily agreed to the terms of their settlement during negotiations.

### III.    Conclusion

Plaintiff therefore respectfully requests that this Court approve the settlement between the Parties, dismiss the instant action with prejudice, and retain jurisdiction to enforce the settlement if necessary.

Respectfully submitted,

s/ Andres Rivera-Ortiz

_____

Andres Rivera-Ortiz, Esq.
(FBN:373478)
E-mail: andres@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida  33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsels for Plaintiff(s)*

### CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2016, I served via mail and email the foregoing document on all counsel of record or *pro se* parties identified on the attached Service List.

By: s/ **Andres Rivera-Ortiz**

## SERVICE LIST
### OFELIA FUENTES v. INFINITY DESIGN 2 INC
Case No.16-cv-24619-RNS
**United States District Court, SOUTHERN District of Florida**

R. Martin Saenz , Esquire
E-Mail:msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida  33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

**Infinity Design , Inc. and Ronny Constancy**
12550 Biscayne Blvd. Suite 214
North Miami Beach,  FL 33181
**Tel. 305-974-1000**
**E-mail** www.infinitydesign2.com
Defendants

MyCase will be making site improvements on Tuesday, December 13th from 10pm PST to Wednesday, December 14th at 12am PST. During this time, MyCase may be unavailable.  Read More

## Create a New Invoice

| | | |
|---|---|---|
| Contact | Ofelia Fuentes (Client)   Browse All | Invoice # 00116 |
| Matter | Fuentes, Ofelia v. Infini... | Invoice Date 12/13/2016 |
| Address | | Due Date |

Filter by date range   From:     to

## Fuentes, Ofelia v. Infinity Design

### Time Entries

| Date | EE | Employee | Activity | Time Entry Notes | Rate | Hours | Line Total | Non Billable |
|---|---|---|---|---|---|---|---|---|
| 11/04/2016 | IDA | Ilona D. Anderson | Review, revise, edit and file | complaint | 400.00 | 0.70 | 280.00 | |
| 11/04/2016 | IDA | Ilona D. Anderson | Correspond with process server re: service of process | | 400.00 | 0.20 | 80.00 | |
| 11/04/2016 | AR | Andres Rivera Ortiz | Draft | and File Notice Apperance, review Complaint | 400.00 | 0.30 | 120.00 | |
| 11/18/2016 | AR | Andres Rivera Ortiz | Draft | Draft and File SOC | 400.00 | 0.70 | 280.00 | |
| 11/28/2016 | AR | Andres Rivera Ortiz | Draft | Proposed SA to E , and email | 400.00 | 1.00 | 400.00 | |
| 11/29/2016 | AR | Andres Rivera Ortiz | Confer with OC | Pro Se Defendant re Settlement | 400.00 | 0.20 | 80.00 | |
| 12/12/2016 | AR | Andres Rivera Ortiz | Draft | Motion Approval Settlement , Proposed Order, file | 400.00 | 1.10 | 440.00 | |
| 12/13/2016 | AR | Andres Rivera Ortiz | Receive | Order AC Case , and Instructions re SA | 400.00 | 0.10 | 40.00 | |
| Add Time Entry Line | | | | Fuentes, Ofelia v. Infinity Design totals: | | 4.30 | $1,720.00 | |

### Expenses

| Date | EE | Employee | Expense | Expense Notes | Cost | Quantity | Line Total | Non Billable |
|---|---|---|---|---|---|---|---|---|
| 11/04/2016 | IDA | Ilona D. Anderson | Flat fee for copying and postage per retainer agreement | | 25.00 | 1.00 | 25.00 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11/04/2016 | IDA | Ilona D. Anderson | File complaint | | 400.00 | 1.00 | 400.00 |
| 11/07/2016 | IDA | Ilona D. Anderson | Service of Process on Defendant(s) | Infinity | 35.00 | 1.00 | 35.00 |
| 11/22/2016 | IDA | Ilona D. Anderson | Service of Process on Defendant(s) | Ronel Constansi | 35.00 | 1.00 | 35.00 |
| Add Expense | | | Fuentes, Ofelia v. Infinity Design expense total: | | $495.00 | | |

## Adjustments

| Item | Applied To | Type | Notes | Basis | Percentage | Amount | |
|---|---|---|---|---|---|---|---|
| | | | This invoice has no discounts or additions | | | | |
| Add Adjustment | | | | | | | |

**Invoice Totals**

| Time Entry Sub-Total: | $1,720.00 |
|---|---|
| Expense Sub-Total: | $495.00 |
| Sub-Total: | $2,215.00 |
| | |
| Total: | $2,215.00 |

Due on Receipt

**Terms & Conditions**                                    **Notes** (will be shared with clients)

Payment Terms

 **Payment Plan**  ENABLE DISABLED

Share Invoice via Client Portal